**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRANDON DEAN MINCE #1545275** | § | |
| | § | |
| **V.** | § | **A-13-CA-897-SS** |
| | § | |
| **OFFICER DURAN, CAPT CLAYTON,** | § | |
| **MAJOR MERIDOR, WARDEN** | § | |
| **GASTON, and COUNSEL** | § | |
| **SUBSTITUTE RANDOLPH** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis State Jail. Plaintiff complains he was found guilty on a "bogus" disciplinary case. According to Plaintiff, Officer Duran accused Plaintiff of coming to the G2 gate and asking him why he is being mean to Officer Kendrick. Plaintiff denies the allegation. Nevertheless, he was found guilty of the violation in Disciplinary Case 20130268681. Plaintiff complains "due proscess [sic] was not done

1

properly" and this disciplinary case decreases his chance for parole, resulted in a drop in line class, manipulates the other officers to harass him and further gets him into trouble.  Plaintiff sues Officer Duran, Captain Clayton, Major Meridor, Warden Gaston, and Counsel Substitute Randolf.  He does not seek monetary relief.  Instead, Plaintiff requests the Court to help him overturn his disciplinary case.

DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible.  Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets."  Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.   Merits

Plaintiff does not allege he lost any good time credits as a result of his disciplinary case.  Instead, he alleges his punishment was a reduction in line class.  The Fifth Circuit has held the timing of an inmate's release on mandatory supervision is too speculative to afford him a constitutionally cognizable claim to the "right" to a particular time-earning status, which right the

2

Texas legislature has specifically denied creating.  <u>Malchi v. Thaler</u>, 211 F.3d 953, 959 (5th Cir. 2000).  Therefore, the punishment imposed on Plaintiff as a result of his disciplinary conviction does not implicate a protected liberty interest, and he is not entitled to due process before receiving such punishment.

Moreover, Plaintiff also cannot support an actionable complaint based on frustration of his plans for parole because he has no constitutional right to be released before the expiration of his sentence.  <u>Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex</u>, 442 U.S. 1 (1979); <u>Wottlin v. Fleming</u>, 136 F.3d 1032, 1037 (5th Cir. 1998).  In addition, he cannot base his complaint on the assertion that he was accused of something that he did not do.  <u>Harris v. Smith</u>, 482 F. App'x 929, 930 (5th Cir. 2012) (citing <u>Collins v. King</u>, 743 F.2d 248, 253 (5th Cir.1984)). Because Plaintiff did not lose good time credits, he has not alleged a valid constitutional violation with regard to his disciplinary case.

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636

4

(b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>); <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of October, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE